IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | | |
|---|---|---|
| Ricky Darren Sanders, Sr., | ) | |
| | ) | C.A. No. 0:07-1476-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Sumter County co William Noonan; | ) | **O R D E R** |
| Lee County co Jimmy Lacoste; Simon | ) | |
| Major, Director SLRDC; Dr. Bush, | ) | |
| Medical Director; Southern Health Partners | ) | |
| co RN Phil Mack; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is an action brought by Ricky Darren Sanders ("Plaintiff") against Sumter County, Lee County, Simon Major, Dr. Bush, and Southern Health Partners, for injuries he allegedly sustained while a pretrial detainee at the Sumter-Lee Regional Detention Center ("SLRDC"). Plaintiff alleges Defendants deprived him of his constitutional rights in violation of 42 U.S.C. § 1983.

On August 20, 2007, an order was issued authorizing service and directing Plaintiff to advise the Office of the Clerk of Court in writing of any address change. Plaintiff was cautioned that his failure to do so could result in dismissal of his case.

This matter is before the court on Defendants' motions for summary judgment. Defendants Bush and Southern Health Partners filed a motion for summary judgment on December 5, 2007. By order filed December 7, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed

to respond adequately.  Defendant Lee County filed a motion for summary judgment on January 21, 2008.  The court issued a second Roseboro order on January 22, 2008.  Defendants Sumter County and Simon Major filed a motion for summary judgment on February 6, 2008.  The court issued a third Roseboro order on February 7, 2008.  Plaintiff failed to respond to Defendants' motions for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation.  On March 13, 2008, the Magistrate Judge filed an order directing Plaintiff to respond to the motions for summary judgment by March 25, 2008.  Plaintiff did not respond.  On March 27, 2008, the Magistrate Judge filed a Report and Recommendation in which he recommended that the complaint be dismissed for failure to prosecute.  On April 8, 2008, Plaintiff filed a document that was construed by the Office of the Clerk of Court as an objection to the Report and Recommendation.   The court reviewed the document, in which Plaintiff "appealed the wrongful dismissal" of his case and repeated discovery requests which had previously been denied by the Magistrate Judge.  See Entry 85.

On May 29, 2008, the court issued an order instructing Plaintiff to file a response to Defendants' motions for summary judgment within ten days.  The Office of the Clerk of Court mailed copies of the order to Plaintiff's two known addresses.  Both envelopes containing Plaintiff's copies of the order were returned to the Office of the Clerk of Court, marked "Return to Sender – Refused – Unable to Forward."

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court.

2

Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has thoroughly reviewed the record. The court concurs in the recommendation of the Magistrate Judge that the case be dismissed. Although the Magistrate Judge recommended that the case be dismissed because Plaintiff failed to respond to Defendants' motion for summary judgment, the court has determined to dismiss the within action because Plaintiff failed to advise the court of his current address. As noted, Plaintiff was advised by order filed August 20, 2007 of his responsibility to notify the court *in writing* if his address changed. Plaintiff was informed that his case could be dismissed for failing to comply with the court's order. It appears that Plaintiff no longer wishes to pursue this action. Therefore, the within action hereby is dismissed pursuant to Rule 41(b) with prejudice.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 25, 2008

3

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**